IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 09-21742

IN RE:

PAMELA M. TOLIVER                                                    DEBTOR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PAMELA M. TOLIVER                                                    PLAINTIFF

                                                                    vs.

BANK OF AMERICA, NATIONAL ASSOCIATION            DEFENDANTS
AS SUCCESSOR BY MERGER TO LASALLE BANK
NATIONAL ASSOCIATION AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE MORTGAGE
PASSTHROUGH CERTIFICATES 1997-R3, and
OCWEN LOAN SERVICING, LLC                        ADVERSARY NO: 09-2076

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT BANK OF AMERICA, N.A.

COMES NOW, Bank of America, N.A. as Successor by Merger to LaSalle Bank National Association as Trustee for the Certificateholders of the Mortgage Passthrough Certificates 1997-R3 (hereinafter, "BOA"), and responds as follows to Plaintiff's First Set of Interrogatories as follows:

**INTERROGATORY NO.1:** Please state the name, job title, and business address of each person answering or providing information for each of the interrogatories. Please also indicate which interrogatory each identified person provided information.

**ANSWER:** Gina Johnson, Senior Loan Analyst, Ocwen Loan Servicing, LLC. Witness may be reached through communication with the undersigned counsel.

**INTERROGATORY NO.2:** Please state the date that Ocwen Loan Servicing, LLC, or any predecessor business entity, assumed or began servicing Plaintiffs 1981 Note and Mortgage. With respect to each predecessor, provide the name of the predecessor and the dates of servicing.

**ANSWER:** Ocwen Federal Bank, FSB began servicing the Note and Mortgage on or about January 1, 1997. Ocwen Loan Servicing, LLC became the successor to Ocwen Federal Bank, FSB as successor to its interest by merger on June 30, 2005.

**INTERROGATORY NO.3:** Please provide an itemized statement of all payments made by Plaintiff since origination and since Ocwen's servicing of the loan including the date such payments were made. With respect to each payment please provide the following:

(a) the amount applied to principal;
(b) the amount applied to interest;
(c) the amount applied to escrow; and
(d) the amount applied to other charges and fees, specifically describing the charge to which the payment was applied (e.g., attorney fees, option products, bankruptcy fees, property inspection fees, title fees, late fees, etc.).

**ANSWER:** BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. BOA further objects to the request as overbroad and unduly burdensome. Subject to and without waiving said objections, BOA will provide a copy of its detail transaction history, which contains much of the requested information.

**INTERROGATORY NO.4:** Please state the total amount that you assert is currently owed on Plaintiffs account up through the date of your response to these interrogatories. With respect to such amount please provide the following information:

(a) the amount you attribute to accrued principal;
(b) the amount you attribute to accrued interest;
(c) the amount you attribute to escrow deficiency;
(d) the amount you attribute to accrued attorney fees;
(e) the amount you attribute to property inspection fees; and
(f) the amount you attribute to each other charge.

**ANSWER:** BOA objects to the request as unduly burdensome and seeking information which is readily obtainable through official business records. Subject to and without waiving said objections, BOA will provide a detail transaction history, which contains the requested information.

**INTERROGATORY NO.5:** Please describe in full and complete detail any amount charged to Plaintiffs account for attorneys' fees since Ocwen began servicing the loan including the following information:

(a) an itemized breakdown of the purpose and amount of each fee incurred;
(b) the date each fee was charged to Plaintiffs account;
(c) the date of service for which each such fee was charged; and
(d) the identity of the attorney who charged the fee.

**ANSWER:** Ocwen objects to the request as overbroad and unduly burdensome and as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving said objection, Ocwen will provide a copy of the detail transaction history and comment log for the loan at issue in this case.

**INTERROGATORY NO.6:** Please describe in full and complete detail any amount charged to Plaintiff's account for property preservation or property inspection fees since Ocwen began servicing the loan, including in you answer the following information:

(a) the reason(s) for each such inspection;
(b) an itemized breakdown of the amount of each such charge;
(c) the actual cost incurred by Ocwen;
(d) the date each such inspection was conducted;
(e) the date any charge or fee for such inspection was imposed upon Plaintiff's account;
(1) the person or entity to whom the payment for each such charge was made;
(g) the date on which the payment was made; and
(h) a complete description of the inspection service provided.

**ANSWER:** BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. BOA further objects that the request is overbroad and unduly burdensome. Subject to and without waiving said objections, BOA will provide a detail transaction history and comment log for the loan at issue in this case, which contains much of the information requested.

**INTERROGATORY NO.7:** Please identify the individual(s) or entity(ies) that conducted the property inspections referred to in Interrogatory No.6 and state whether this individual or entity is an independent entity from Ocwen. With respect to each such entity or individual please describe in detail any business arrangement or affiliation this individual or entity has had with Ocwen, including the effective dates of each such business arrangement.

**ANSWER:** BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving said objections, Ocwen states that inspections were conducted by Safeguard Properties, and that such business in an independent entity, and not a subsidiary of Ocwen Loan Servicing, LLC.

**INTERROGATORY NO. 8:** Please state how the finished property inspection reports referred to in Interrogatory Nos. 6 and 7 are stored by Ocwen.

**ANSWER:** BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving said objection, BOA states that the finished property inspection reports are stored electronically by Safeguard.

**INTERROGATORY NO. 9:** Regarding the each finished inspection report referred to in Interrogatory No.8, state whether it was reviewed by Ocwen. If so, describe in detail the review process.

**ANSWER:** BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information, and as being vague and subject to multiple interpretations. Subject to and without waiving said objection, inspection reports are reviewed by Ocwen personnel.

**INTERROGATORY NO. 10:** Please describe in full and complete detail any other fee or cost charged to Plaintiffs account since Ocwen's servicing of the loan, including the following information:

(a) an itemized breakdown of the purpose and amount of each fee incurred;
(b) the date of service for which any such fee or charge was assessed;
(c) the date each fee was charged to Plaintiffs account;
(d) the amount of each payment;
(e) to whom the payment was made; and
(I) the date on which payment was made.

**ANSWER:** BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving said objection, BOA directs the Plaintiff to the detailed transaction history and comment log provided herewith.

**INTERROGATORY NO. 11:** Please identify what the "interest arrearage balance" is concerning Plaintiff's account.

**ANSWER:** The loan boarded at Ocwen with an interest arrearage balance of $2,915.86. See attached transaction history for detail of same.

**INTERROGATORY NO. 12:** For the entire period of Ocwen's servicing of Plaintiffs loan, please describe in full and complete detail when the "interest arrearage balance" referred to in Interrogatory No. 11: (a) accrued, and (b) was credited to Debtor's account.

**ANSWER:** BOA objects to the request as overbroad and unduly burdensome and as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving said objection, since the interest arrearage balance is zero, BOA has no information responsive to the request.

**INTERROGATORY NO. 13:** Describe in detail the contractual basis for charging the "interest arrearage balance," citing the specific terms of the contract upon which you rely.

**ANSWER:** BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to the lead to the discovery of relevant information. Subject to and without waiving said objections, BOA states that the interest arrearage balance is zero, and therefore it has no information responsive to the request.

**INTERROGATORY NO. 14:** Please describe in detail the "option product" referred to in Plaintiffs account documents.

**ANSWER:** BOA objects to the request as overbroad and unduly burdensome. BOA further objects that the request is impermissibly vague. Specifically, responding to the request would require BOA to review all of the "account documents" to search for any reference to the term "option product." Reserving the right to object on grounds of relevancy or any other ground, BOA will attempt to respond to the request if Plaintiff can clarify in which specific account documents, and on which page of each, the term "option product" appears.

**INTERROGATORY NO. 15:** Regarding each charge that was assessed against Plaintiffs account relating to the "option product" referred to in Interrogatory No. 14, please provide the following information:

(a) the date and amount of each such charge;
(b) the reason(s) for such charges;
(c) the contractual basis permitting a charge for such products, by reference to a specific term of the relevant contract;
(d) the identity of each entity or person who received such payment; and
(e) any affiliated business arrangement the individual or entity had with you and/or Ocwen during the time period in which such payments were made.

**ANSWER:** BOA objects to the request as overbroad and unduly burdensome. BOA further objects that the request is impermissibly vague specifically responding to the request would require BOA to review all of the "account documents" to search for any reference to the term "option product." Reserving the right to object on grounds of relevancy or any other ground, BOA will attempt to respond to the request if Plaintiff can clarify in which specific account documents, and on which page of each, the term "option product" appears.

**INTERROGATORY NO. 16:** Regarding all money paid into Plaintiffs escrow account, please provide the following information:

(a) the date and amount of each escrow disbursement;
(b) the name and address of the payee or recipient of each such disbursement;
(c) the date you received notice of a bill or demand from each such payee or recipient for each such disbursement; and
(d) the manner or method of payment of the disbursement including check number or other identifying information for each.

**ANSWER:** BOA objects to the request as overbroad and unduly burdensome and as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving said objection, BOA will provide an escrow analysis.

**INTERROGATORY NO. 17**: Please identify each Pay-Off Statement and Reinstatement Notice provided by you to the Plaintiff since November 31, 2008. Include in your answer a full and complete explanation of each difference between each Pay-Off Statement and each Reinstatement Notice.

**ANSWER**: BOA objects to the request as overbroad and unduly burdensome. BOA further objects that request is impermissibly vague in its request for a "full and complete explanation of each difference between each pay out statement and each reinstatement notice." To the extent such information is discoverable, the request is more suited to testimony by deposition. Subject to and without waiving said objections, BOA states that information relative to the request may be found, in part, in the comment log provided herewith.

**INTERROGATORY NO. 18**: Please identify any case management systems (i.e., mortgage servicing package, loan servicing platform, and/or other software processing system) used to service Plaintiffs mortgage pre- and post- bankruptcy petition. Please identify the provider and the dates each system was used to service Plaintiff s account. Please specify what servicing functions of Plaintiffs account are supported by each system(s) or platform(s) including but not limited to:

(a) default management services (including foreclosure, bankruptcy, and other mortgage loan-related default services such as automated property-preservation services including interfaces with business partners),
(b) customer services,
(c) escrow services,
(el) cash balancing services, and
(e) investor reporting services.

**ANSWER**: BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. BOA further objects that the request seeks information which is proprietary in nature and constitutes a protected trade secret.

**INTERROGATORY NO. 19**: Please explain in detail if and how any servicing function(s) identified in Interrogatory No. 18 was adapted to service Plaintiffs individual loan in accordance with the specific terms of the 1981 Note and Mortgage; and if any such function(s) was adapted to service all other loans within the pool of loans of which Plaintiff s loan is part in accordance with the specific terms of each loan's Note and Mortgage.

**ANSWER**: BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. BOA further objects that the request seeks information which is proprietary in nature and constitutes a protected trade secret.

**INTERROGATORY NO. 20**: Please identify any case management systems and/or electronic information systems used to manage the relationship between Ocwen and its attorneys in the

collection of Plaintiffs mortgage loan. Please identify the provider and the dates each system was used in the collection of Plaintiffs account. Please specify what collection functions of Plaintiffs account are supported by the case management or electronic information system(s) including but not limited to:

(a) providing mortgage documents attorneys can upload;
(b) engaging attorneys;
(c) assigning specified tasks to attorneys; and
(d) providing a means by which attorneys report and/or seek information.

**ANSWER:** BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. BOA further objects that the request seeks information which is proprietary in nature and constitutes a protected trade secret.

**INTERROGATORY NO. 21:** With respect to the trust or pool of mortgages of which Plaintiffs loan is part, state how many other loans currently exist in the pool. Please state which of those loans still in the pool are currently in default or foreclosure. For those loans that are no longer in the pool, please state which of those loans have been paid in full, refinanced, or foreclosed upon.

**ANSWER:** BOA objects to the request as seeking information which is neither relevant nor reasonably calculated to the lead to the discovery of relevant information.

**INTERROGATORY NO. 22:** With respect to each expert or opinion witness whom you will or may call upon to give evidence in connection with this case, please state: his or her name, address, telephone number, occupation, current employment; the subject matter of his or her expertise; any matters which you contend qualify him or her as an expert; the substance of all facts and opinions to which he or she could testify if called as a witness; a summary of the grounds for each such opinion, and identify all documents, reports, or statements made by such expert.

**ANSWER:** BOA has not designated an expert witness at this time and will provide expert witness disclosures at a later date and in compliance any court-imposed deadlines in this action.

**INTERROGATORY NO. 23:** State the name, residence and business addresses and phone numbers, and job position of all person(s) and/or entities not identified in response to any preceding Interrogatory, who had any involvement in or has knowledge of any facts relating to matters alleged in Plaintiffs Objection and Complaint, and/or who may testify as a witness at trial or any hearing thereof. Identify each and every written or recorded statement made by such potential witnesses.

**ANSWER:** BOA has not yet identified its potential witnesses in this matter and will provide witness disclosures in accordance with the Case Management Order entered herein at such time as such witnesses have been identified.

**INTERROGATORY NO. 24:** Identify each document that you may introduce into evidence in this case.

**ANSWER:** BOA reserves the right to introduce as evidence in this case any of the documents provided by any party through discovery. BOA reserves the right to supplement or amend this response as further documents become available.

**INTERROGATORY NO. 25:** If any document requested in relation to Plaintiffs Request to Produce Documents (served herewith) was, but no longer is, in your possession or subject to your control, please state: the date and description of the document; the date of its disposition; the manner of its disposition (e.g., lost, destroyed, or transferred to a third party etc.,); and a statement of the reason for each such disposition of the document.

**ANSWER:** BOA is unaware of any such documents at this time.

**Gina Johnson**
Senior Loan Analyst
Ocwen Loan Servicing, LLC
Phone 407-737-5260
Fax 407-737-5637

CHRISTOPHER M. HILL
CHRISTOPHER M. HILL & ASSOCIATES, P.S.C.
P.O. Box 817
Frankfort, KY 40602
(502) 226-6100/telephone
(502) 223-0700/facsimile
COUNSEL FOR CREDITOR,
OCWEN LOAN SERVICING, LLC
and BANK OF AMERICA, AS TRUSTEE

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served on the counsel for the debtor, the trustee, and other parties in interest, by either ordinary U.S. Mail, postage pre-paid, or via electronic filing this _19th_ day of February, 2010.

Hon. James P. McHugh
104 East 7th Street
Covington, KY 41011-1740

Counsel for Debtor


Hon. Beverly M. Burden
P.O. Box 2204
Lexington, KY 40588-2204
Trustee

U.S. Trustee
100 E. Vine St. #500
Lexington, KY 40507

Hon. J. Eileen Zell
Hon. James P. McHugh
104 East Seventh Street
Covington, KY 41011
Counsel for Plaintiff

Hon. Michael J. O'Hara
O'Hara, Ruberg, Taylor, Sloan & Sergent
25 Crestview Hills Mall Road, Suite 201
Covington, KY 41017-0411
Counsel for Plaintiff


_____
CHRISTOPHER M. HILL
P.O. Box 817
Frankfort, KY 40602
(502) 226-6100/telephone
(502) 223-0700/facsimile
COUNSEL FOR CREDITOR,
OCWEN LOAN SERVICING, LLC