UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

PAMELA M. TOLLIVER                                    CASE NO. 09-21742

DEBTOR


PAMELA M. TOLLIVER                                              PLAINTIFF

VS:                                                        ADV. NO. 09-2076

BANK OF AMERICA, ET AL                                    DEFENDANTS

**********************************************************************************

**PLAINTIFF'S MEMORADUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANTS TO ANSWER PLAINTIFF'S INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS**

**********************************************************************************

<u>INTRODUCTION</u>

Plaintiff served written discovery upon Defendants on December 21, 2009.  Plaintiff

agreed to Defendants' request for an additional thirty (30) days to respond, resulting in a new

deadline of February 19, 2010.[1]  Defendants filed their discovery responses with the Court on

February 19, 2010.

After a preliminary review of Defendants' responses, on February 22, 2010, Plaintiff's

counsel notified Defendants' counsel by email, attached hereto as Exhibit A, that Defendants

should provide any information withheld on the basis of "proprietary information and/or trade

secret" or that alternatively Defendants could submit a proposed protective order to Plaintiff or

seek protection from the Court.  Plaintiff's counsel assured Defendants that in the interim any

---

[1] This agreement necessitated Defendants' motioning the Court for an extension of scheduling order deadlines.

information produced would remain confidential and would not be shared with any third party. Defendants re-filed their initial discovery responses – this time with verifications – on March 2, 2010.

After a more thorough review of Defendants' responses, and without any response from Defendants regarding information improperly withheld on the basis of proprietary information and/or trade secret, on March 3, 2010, Plaintiff's counsel notified Defendants' counsel of the inadequacies of its clients' responses in a comprehensive letter attached hereto as Exhibit B. As detailed in Plaintiff's letter, of the twenty-five (25) interrogatories propounded to Defendants, Defendants improperly objected to and otherwise failed to answer at least sixteen (16) of the interrogatories. Likewise, of the fifteen (15) requests for production to Defendants, Defendants improperly objected to and failed to provide documents for at least twelve (12) of the requests. Further, Plaintiff's letter notified Defendants that their objections were not signed, as required by F.R.C.P. 33(b)(5), and reminded Defendants to submit a proposed protective order to Plaintiff or the Court regarding any information improperly withheld on the basis of proprietary information and/or trade secret, as required by F.R.C.P. 26(c)(1)(G); F.R.B.P. 7026.

Two weeks later, on March 17, 2010, Defendants responded to Plaintiff's letter. This letter supplemented Defendants' previous responses, assured further supplementation, and re-asserted objections. Plaintiff again responded to Defendants by letter dated March 24, 2010, attached hereto as Exhibit C, notifying Defendants in detail of the inadequacies of their updated responses and including yet another demand that Defendants propose a protective order to Plaintiff or the Court with regard to information improperly withheld on the basis of proprietary information and/or trade secret. Plaintiff requested immediate attention to such matters as to avoid court intervention. As of the date of this Motion – *more than 100 days* since Plaintiff

initially served its discovery requests and *more than 40 days* since the expiration of time in which Defendants' responses were due – Defendants have failed to provide any promised revisions and supplementation, failed to provide proper and signed objections, and have failed to provide information improperly withheld on the basis of proprietary information and/or trade secret.

This motion is brought after having attempted to confer in good faith with Defendants' attorneys in an effort to avoid Court intervention, as detailed in Plaintiff's Attorneys' Certification attached hereto as Exhibit D.  Defendants' continued delay has precluded Plaintiff from obtaining discovery that is critical to her case and that is necessary to proceed with depositions and for the preparation of her expert witness' report.  This motion is brought timely by Plaintiff in an attempt to maintain the current Amended Order for Trial (Pacer Doc. 11), particularly in light of the Amended Trial Order deadline of June 3, 2010 for the completion of discovery.

## ARGUMENT

### I.    DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES FAIL TO COMPLY WITH F.R.C.P. 33 AND F.R.B.P. 33

Plaintiff will address each of Defendants' Answers and Supplemental Answers to Plaintiff's Interrogatories that fail to comply with F.R.C.P. 33 and F.R.B.P. 33 in order below, following with Plaintiff's arguments why these answers do not meet the requirements of the Rules.

**A.  The Court Should Compel Defendants to Fully Respond to Interrogatory 5:**

**INTERROGATORY NO. 5:**   Please describe in full and complete detail any amount charged to Plaintiff's account for attorneys' fees since Ocwen began servicing the loan including the following information:

(a)    an itemized breakdown of the purpose and amount of each fee incurred;

(b)    the date each fee was charged to Plaintiff's account;

(c) the date of service for which each such fee was charged; and

(d) the identity of the attorney who charged the fee.

**ANSWER:** Ocwen objects to the request as overbroad and unduly burdensome and as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Subject to and without waiving said objection, Ocwen will provide a copy of the detail transaction history and comment log for the load at issue in this case.

**SUPPLEMENTED ANSWER:** Interrogatory No. 5 sought information with respect to attorney fees charged since Ocwen began servicing the loan. The request is overbroad in that it seeks information about charges for which the claims have been waived by agreement dated December 5, 2005 (See Bates Nos. 000014 through 000017, ¶14). Without waiving their previously stated objections, Defendants will revise their previous response and provide a list of fees charged for the loan along with the name of the person or entity providing the services for which the loan was charged, Bates numbers 000228 through 000229. Information responsive to the request is also provided on Bates Nos. 000233 through 000235.

(i)      Defendants Failed to Object with Particularity

The objecting party has the burden to substantiate its objections and must state the specific reason for objecting to each request that is objectionable. F.R.C.P. 33(b)(4). *See* MOORE'S FEDERAL PRACTICE §33.172 (citing *Roesberg v. John-Manville Corp.,* 85 F.R.D. 292, 297 (E.D. Pa. 1980)). It is not enough to object that the request is "overly broad" and "burdensome". Defendants must clearly set forth the specifics of the objection and how that objection relates to the information being demanded. *See Id.* at §34.13[2][b] and §34.13[2][b]. This is necessary so that the Court and Plaintiff can ascertain the objectionable character of the discovery request and reasonably respond to the objection. General objections asserted without specific support may be waived. *See Puricelli v. Borough of Morrisville,* 136 F.R.D. 393, 396 (E.D. Pa. 1991); *Chubb Integrated Sys. Ltd. v. National Bank of Wash.,* 103 F.R.D. 52, 58-60 (D. D.C. 1984) (citing multiple cases supporting its holding that general objections do not fulfill a resisting party's burden to explain its objections and do not meet the standard for a successful objection; objections must show specifically how interrogatory is irrelevant, overly broad,

4

burdensome, or oppressive by submitting affidavits or offering evidence that reveals the nature of the burden).

Defendants' general objection is inadequate pursuant to F.R.C.P. 33(b)(4), therefore the Court should compel Plaintiff to respond pursuant to F.R.C.P. 37(a)(3)(B)(iii).

(ii)   <u>F.R.C.P. 26(b)(1) Allows Plaintiff to Obtain Relevant Discovery,<br>not Otherwise Privileged, that is Reasonably Calculated to<br>Lead to the Discovery of Admissible Evidence</u>

Pursuant to F.R.C.P. 26(b)(1), Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence.[2]  Rule 26 is to be liberally construed to permit broad discovery.  *See U.S. v. Leggett & Platt, Inc.,* 542 F.2d 655, 657 (6th Cir. 1976) (commenting that the "Federal Rules of Civil Procedure authorize 'extremely broad' discovery").

Defendants made no claim of protection or privilege pursuant to F.R.C.P. 26(b)(3) or (5).  Further, attorneys' fees charged to Plaintiff's account during the time period since Defendants began servicing Plaintiff's loan are directly relevant to Plaintiff's claims that the attorneys' fees Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper.  In her Complaint and Objection to Secured Claim (Pacer Doc. 24), Plaintiff alleges that the attorney's fees were not allowed by contract or law *and* that the attorney's fees were excessive, unreasonable, and unnecessary.  Plaintiff further alleges that she has overpaid her account, Defendants misapplied her payments to the fees, Defendants misrepresented amounts due-and-owing, and that Defendants profited from such improper

---

[2] The Sixth Circuit has noted that a "discovery request is generally unobjectionable 'if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Marshall v. Bramer*, 828 F.2d 355, 358 (6th Cir. 1987)(quoting F.R.C.P. 26(b)(1)).

servicing.  Plaintiff also contends that Defendants' conduct in assessing and collecting such fees was intentional.

Plaintiff's interrogatory seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P.26(b)(1), therefore the Court should compel Plaintiff to respond pursuant to F.R.C.P. 37(a)(3)(B)(iii).

(iii)      Defendants' General Objections Lack Merit

Defendants generally object on grounds that Plaintiff's request is "overly broad" and "burdensome".  However, this interrogatory was narrowly tailored by both categorical scope or subject matter and time period, and was described with reasonable particularity with regard to each item or category of items requested, in order to prevent Defendants from having to conduct a broad search for the requested information.[3]  Plaintiff's interrogatory specifically narrows the scope of the request by category or subject matter (i.e., attorney's fees assessed against Debtor) and time period (i.e., since Ocwen began servicing Plaintiff's loan).  Moreover, Plaintiff specifically identified the type of information sought (listed as (a) through (d) in the interrogatory's subparts) in order to avoid and substantial burden on Defendants so that it does not outweigh the likely benefit received by Plaintiff in obtaining the information.

Assuming Defendants are asserting waiver as a defense on the merits, Defendants cannot assert a defense and then unilaterally decide that they succeed on that defense as a justification

---

[3] Plaintiff relies on *Coleman v. American Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994).  The Sixth Circuit held that a defendant was not required to respond to a discovery request that would have required it to "search every file that exists at National [American Red Cross] Headquarters for any documents that might be of any relevance to any matter in this case." *Id.*

The Sixth Circuit's decision in *Coleman* supports Plaintiff's motion because in that case the defendant had already produced "hundreds of interrogatory responses, numerous depositions, and thousands of pages of documents" (unlike the limited interrogatory requests Defendant propounded – only 13, despite the parties agreeing to 25), and the Plaintiff's discovery requests were excessively broad (unlike the narrowly tailored requests propounded by Plaintiff in this case).

for refusing to respond to discovery. [4]  Additionally – even if the claims related to the requested

information have been waived – any information related to Defendants' routine business practice

and course of conduct may establish a routine practice of misconduct.  This is relevant to prove

that the misconduct of the Defendants in this litigation was in conformity with its routine

practice and therefore any such information is reasonably calculated to lead to the discovery of

admissible evidence.  F.R.E. 406.  *See Mobile Exploration and Producing U.S., Inc., v. Cajun*

*Construction Services, Inc.*, 45 F.3d 96, 99-100 (5th Cir. 1995).

Defendants' general objections lack merit, therefore the Court should compel Plaintiff to

respond pursuant to F.R.C.P. 37(a)(3)(B)(iii).

     (iv)   <u>F.R.C.P. 37(a)(4) Requires Non-Evasive and Complete Answers Responsive to
Plaintiff's Request</u>

Defendants' revised response is evasive and incomplete, resulting in a failure to answer

pursuant to F.R.C.P. 37(a)(4).  Defendants' revised response asserts that it provided a list of fees

charged to the loan along with the name of the person or entity providing the services for which

the fee was charged (Bates Nos. 228-229).  Also, Defendants assert that information responsive

to the request is provided at Bates Nos. 233-235.  This is incorrect.  For example, Bates Nos.

228-229 is simply a list of fees including the total amount of each fee, the "effective date" of the

fee, and vendor/attorney charging the fee.  Otherwise the list provides <u>no</u> information responsive

to the Plaintiff's request for the itemized breakdown and purpose of the fee, the date the fee was

charged to Plaintiff's account, and the date the service was provided for each fee.  Bates Nos.

233-235 provides the identical information as the other documents provided by Defendants, only

in a different format.

---

[4] In ruling on questions of discovery, typically, courts do not determine the legal sufficiency of claims and defenses; legal sufficiency of a claim or defense is appropriately challenged in a motion to strike, and a claim or defense, until stricken, is valid.  *See Chubb Integrated Systems Ltd., supra,* 103 F.R.D. at 59 (D.C. 1984).

Furthermore, the Rules require more than simply production: Defendants must provide a written response showing what it has produced and what is has not and why.

Defendants failed to answer pursuant to F.R.C.P. 37(4), therefore the Court should compel Plaintiff to respond and F.R.C.P. 37(a)(3)(B)(iii).

### B. The Court Should Compel Defendants to Fully Respond to Interrogatory 6:

**INTERROGATORY NO. 6:**   Please describe in full and complete detail any amount charged to Plaintiff's account for property preservation or property inspection fees since Ocwen began servicing the loan, including in you answer the following information:

(a)     the reason(s) for each such inspection;

(b)     an itemized breakdown of the amount of each such charge;

(c)     the actual cost incurred by Ocwen;

(d)     the date each such inspection was conducted;

(e)     the date any charge or fee for such inspection was imposed upon     Plaintiff's account;

(f)     the person or entity to whom the payment for each such charge was made;

(g)     the date on which the payment was made; and

(h)     a complete description of the inspection service provided.

**ANSWER:**   Ocwen objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Ocwen further objects that the request is overbroad and unduly burdensome. Subject to and without waiving said objections, Ocwen will provide a detail transaction history and comment log for the load at issue in this case, which contains much of the information requested.

**SUPPLEMENTED ANSWER:**   You claim that the defendants' response to Interrogatory No. 6 was inadequate in that the detailed transaction history and comment log referred to were not provided. The detailed transaction history has been provided, as previously stated. Defendants will further supplement the response by stating that on or about October 26, 2005 the property was checked for flooding. Since the allegation of the complaint is that no such charges were proper and not that the charges were unreasonable or unwarranted, any additional detail is both unnecessary and irrelevant to the outcome to the case.

(i)     <u>Defendants Failed to Meet their Burden of Objecting with Particularity</u>

For the same reasons addressed in Argument A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections.

Plaintiff respectfully refers the Court to that discussion.

(ii)     Plaintiff May Obtain Discovery Regarding any Non-Privileged Matter that is
Relevant to any Party's Claim or Defense and Appears to be Reasonably Calculated to Lead to
the Discovery of Admissible Evidence

Defendants made no claim of protection or privilege pursuant to F.R.C.P. 26(b)(3) or (5).

Further, information regarding property preservation and inspection fees charged to Plaintiff's

account during the time period since Defendants began servicing Plaintiff's loan is directly

relevant to Plaintiff's claims that the fees for these services Defendants have demanded as part of

their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper. In her

Complaint and Objection to Secured Claim (Pacer Doc. 24), Plaintiff alleges the property

preservation and inspection fees were not allowed by contract or law *and* that the property

preservation and inspection fees were unnecessary and not bona fide.  Plaintiff further alleges

that she has overpaid her account, Defendants misapplied her payments to the fees, Defendants

misrepresented amounts due-and-owing, and that Defendants profited from such improper

servicing.  Plaintiff also contends that Defendants' conduct in assessing and collecting such fees

was intentional.   Therefore, Plaintiff's request is permissible in that it seeks relevant non-

privileged information that is reasonably calculated to lead to the discovery of admissible

evidence pursuant to F.R.C.P. 26(b)(1).

(iii)     Defendants' Objections Fail on the Merits

For the same reasons addressed in Argument A.(iii) above, Defendants' objection that the

interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's request is

narrowly tailored by both subject matter and time period and Plaintiff specifically identified the

type of information sought.  Plaintiff respectfully refers the Court to that discussion.

(iv)     Defendants' Revised Response is Evasive and Incomplete, Resulting in a Failure to
Answer Pursuant to F.R.C.P. 37(a)(4)

The "detailed transactional history" Defendants provided in response (at Bates Nos. 121-125) and "comment log" provided (at Bates Nos. 126-216) do not contain the specific information identified in Plaintiff's request.  For example, after reviewing the nearly 100 pages of general account data above, there is no responsive information in the documents identified regarding the reason for such inspection, an itemized breakdown of the charge, the actual cost incurred by Ocwen, the date the inspection was conducted, the entity to whom the payment was made, the date of such payment, and a description of the inspection service provided.

Furthermore, the Rules require more than simply production: Defendants must provide a written response showing what it has produced and what has not produced and why.  In answering Plaintiff's interrogatory, for any business records Defendant opts to provide, the written response should include the specific Bates number(s) of the pages on which responsive information may be found.  F.R.C.P. 34 (b)(2)(E)(i).

## C.  The Court Should Compel Defendants to Fully Respond to Interrogatory 9:

**INTERROGATORY NO. 9:**     Regarding the each finished inspection report referred to in Interrogatory No. 8, state whether it was reviewed by Ocwen.  If so, describe in detail the review process.

**ANSWER:**   Ocwen objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information, and as being vague and subject to multiple interpretations.  Subject to and without waiving said objection, inspection reports are reviewed by Ocwen personnel.

**SUPPLEMENTED ANSWER:**  Interrogatory No. 9 sought information about what Ocwen does with inspection reports and in particular requested information about the review process.  Defendants believe that the request, even as clarified in your letter, remains overbroad and subject to multiple interpretations.  Nevertheless, Ocwen clarifies that when Safeguard has completed an inspection Ocwen accesses it electronically via Safeguard's website and reviews the information in light of the purpose for which the inspection was ordered.  Ocwen personnel would make notations reflecting the outcome of such a review in the comment log which has been provided in conjunction with the defendants' discovery responses.  Defendants will amend their interrogatory response to reflect this additional information.

(i)     For the same reasons addressed in Argument A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)    Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence.   Defendants made no claim of protection or privilege pursuant to F.R.C.P. 26(b)(3) or (5).   Further, information regarding how property inspection reports were actually reviewed by Ocwen during the time period since Defendants began servicing Plaintiff's loan is directly relevant to Plaintiff's claims that the fees for these services Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper. In her Complaint and Objection to Secured Claim (Pacer Doc. 24), Plaintiff alleges that the property inspection fees were not allowed by contract or law _and_ that the property inspection fees were unnecessary and not bona fide.   Plaintiff further alleges that she has overpaid her account, Defendants misapplied her payments to the fees, Defendants misrepresented amounts due-and-owing, and that Defendants profited from such improper servicing.   Plaintiff also contends that Defendants' conduct in assessing and collecting such fees was intentional.   Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

(iii)    For the same reasons addressed in Argument A.(iii) above, Defendants' objection that the interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's request is narrowly tailored by both subject matter and time period and Plaintiff specifically identified the type of information sought.  Plaintiff respectfully refers the Court to that discussion.

(iv)    As of the date of this Motion no amendment has been provided to Plaintiff as promised by Defendants, and therefore the Court should compel Defendants to fully respond to Plaintiff's Interrogatory No. 9.

### D. The Court Should Compel Defendants to Fully Respond to Interrogatory 10:

**INTERROGATORY NO. 10:**    Please describe in full and complete detail any other fee or cost charged to Plaintiff's account since Ocwen's servicing of the loan, including the following information:

(a)    an itemized breakdown of the purpose and amount of each fee incurred;

(b)    the date of service for which any such fee or charge was assessed;

(c)    the date each fee was charged to Plaintiff's account;

(d)    the amount of each payment;

(e)    to whom the payment was made; and

(f)    the date on which payment was made.

**ANSWER:**    Ocwen objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiving said objection, Ocwen directs the Plaintiff to the detailed transaction history and comment log provided herewith.

**SUPPLEMENTED ANSWER:** Interrogatory No. 10 sought information concerning all fees and costs charged to plaintiff's account since Ocwen's servicing of the loan.  A potion of the requested information is clearly irrelevant due to statute of limitations and grounds of waiver. Specifically, the plaintiff signed several forbearance or modification agreements, the latest of which was signed on or about December 5, 2005.  All of the fees charged to the account are reflected in the detailed transaction history, the payment reconciliation history and/or other documents supplied with the defendants' original responses, and we refer you to the pages referenced about in further response to Interrogatory No. 3.  The itemized documents above, combined with the comment log (Bates Nos. 000126 though 000216) provide the requested information.  Your allegation that the disclosure is inadequate appears to be nothing more than a complaint about the form in which the information is provided.  The information has been provided in the form in which it is available.

(i)    For the same reasons addressed in Argument A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)    Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery

of admissible evidence. Defendants made no claim of protection or privilege pursuant to F.R.C.P. 26(b)(3) or (5). Further, information regarding the fees charged to Plaintiff's account during the time period since Defendants began servicing Plaintiff's loan is directly relevant to Plaintiff's claims that the fees for these services Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper. In her Complaint and Objection to Secured Claim (Pacer Doc. 24), Plaintiff alleges that the fees were not allowed by contract or law _and_ that the fees were illegitimate, unnecessary, and not bona fide. Plaintiff further alleges that she has overpaid her account, Defendants misapplied her payments to the fees, Defendants misrepresented amounts due-and-owing, and that Defendants profited from such improper servicing. Plaintiff also contends that Defendants' conduct in assessing and collecting such fees was intentional. Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

Moreover, assuming Defendants are asserting waiver and statute of limitations as defenses, Defendants can not assert such defenses and then unilaterally decide that they succeed on those defenses as a justification for refusing to respond to discovery. Additionally, any information related to Defendants' routine business practice and course of conduct – even if the claims related to such have been waived or are barred by statute of limitations – is reasonably calculated to lead to the discovery of admissible evidence. F.R.E. 406.

(iii)    For the same reasons addressed in Argument A.(iii) above, Defendants' objection that the interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's request is narrowly tailored by both subject matter and time period and Plaintiff specifically identified the type of information sought. Plaintiff respectfully refers the Court to that discussion.

(iv)    Defendants' revised response is evasive and incomplete.    The documents Defendants identified as the "detailed transaction history," "payment reconciliation history," and "comment log," (along with corresponding Bates numbers) do not provide the requested information as asserted by Defendants.    There is <u>no</u> responsive information in any of these cited documents regarding the purpose of the fees, the itemized amount of each fee, the date of service, to whom the payment was made (although documents provided by Defendants at Bates No. 228 lists many vendors as "unknown"), and the date on which each payment was made.

Furthermore, the Rules require more than simply production: Defendants must provide a written response showing what it has produced and what has not produced and why.    In answering Plaintiff's interrogatory, for any business records Defendant opts to provide, the written response should include the <u>specific</u> Bates number(s) of the pages on which responsive information may be found.    F.R.C.P. 34 (b)(2)(E)(i).

### E.  The Court Should Compel Defendants to Fully Respond to Interrogatories 12 and 13:

**INTERROGATORY NO. 12:**    For the entire period of Ocwen's servicing of Plaintiff's loan, please describe in full and complete detail when the "interest arrearage balance" referred to in Interrogatory No. 11:  (a) accrued, and (b) was credited to Debtor's account.

**INTERROGATORY NO. 13**:    Describe in detail the contractual basis for charging the "interest arrearage balance," citing the specific terms of the contract upon which you rely.

**ANSWER TO BOTH 12 AND 13:**  Ocwen objects to the request as overbroad and unduly burdensome and as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiving said objection, since the interest arrearage balance is zero, Ocwen has no information responsive to the request.

**SUPPLEMENTED ANSWER TO BOTH 12 AND 13:**  Interrogatory No. 12 requested defendants to state when the "interest arrearage balance" accrued and was credited to the debtor's account.  Defendants acknowledge that the response to Interrogatory No. 12 was mistaken based on an early draft of the responses, and a revised response will be provided.

(i)    The Rules require that a party must respond to and produce all information requested unless the party serves timely and proper objections or assertions of privilege.

Defendants' revised response neither objects to nor asserts any privilege with regard to the information requested thereby constituting a failure to answer as required by the Rules.

(ii)    As of the date of this Motion no amendment has been provided to Plaintiff as promised by Defendants, and therefore the Court should compel Defendants to fully respond to Plaintiff's Interrogatories No. 12 and 13.

### F. The Court Should Compel Defendants to Fully Respond to Interrogatories 14 and 15:

**INTERROGATORY NO. 14:**    Please describe in detail the "option product" referred to in Plaintiff's account documents.

**INTERROGATORY NO. 15:**    Regarding each charge that was assessed against Plaintiff's account relating to the "option product" referred to in Interrogatory No. 14, please provide the following information:

(a)    the date and amount of each such charge;

(b)    the reason(s) for such charges;

(c)    the contractual basis permitting a charge for such products, by reference to a specific term of the relevant contract;

(d)    the identity of each entity or person who received such payment; and

(e)    any affiliated business arrangement the individual or entity had with Ocwen during the time period in which such payments were made.

**ANSWER TO BOTH 14 AND 15:** Ocwen objects to the request as overbroad and unduly burdensome.  Ocwen further objects that the request is impermissibly vague. Specifically, responding to the request would require Ocwen to review all of the "account documents" to search for any reference to the term "option product."  Reserving the right to object on grounds of relevancy or any other ground, Ocwen will attempt to respond to the request if Plaintiff can clarify in which specific account documents, and on which page of each, the term "option product" appears.

**SUPPLEMENTED ANSWER TO BOTH 14 AND 15:** Interrogatory No. 14 sought information related to an option product referred to in account documents.  Defendants will withdraw their objection and amend their responses to this interrogatory.

(i)    The Rules require that a party must respond to and produce all information requested unless the party serves timely and proper objections or assertions of privilege.

Defendants' revised response neither objects to nor asserts any privilege with regard to the information requested thereby constituting a failure to answer as required by the Rules.

(ii)      As of the date of this Motion no amendment has been provided to Plaintiff as promised by Defendants, and therefore the Court should compel Defendants to fully respond to Plaintiff's Interrogatories No. 14 and 15.

### G. The Court Should Compel Defendants to Fully Respond to Interrogatory 17:

**INTERROGATORY NO. 17:** Please identify each Pay-Off Statement and Reinstatement Notice provided by you to the Plaintiff since November 31, 2008. Include in your answer a full and complete explanation of each difference between each Pay-Off Statement and each Reinstatement Notice.

**ANSWER:** Ocwen objects to the request as overbroad and unduly burdensome. Ocwen further objects that request is impermissibly vague in its request for a "full and complete explanation of each difference between each pay out statement and each reinstatement notice." To the extent such information is discoverable, the request is more suited to testimony by deposition. Subject to and without waiving said objections, Ocwen states that information relative to the request may be found, in part, in the comment log provided herewith.

**SUPPLEMENTED ANSWER:** Interrogatory No. 17 requested that the defendants identify each payoff statement and reinstatement notice provided to the plaintiff since November 30, 2008. You have voluntarily retracted the request for a "full and complete explanation of each difference between each payoff statement and each reinstatement notice." As noted in the original responses the processing of all payoff and reinstatement quotes is noted in the comment log. Defendants will amend their response to list the dates on which such quotes were generated and provided.

(i)      For the same reasons addressed in Argument A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)      Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence. Defendants made no claim of protection or privilege pursuant to F.R.C.P. 26(b)(3) or (5). Further, Plaintiff's request for Defendants to identify each Pay-Off Statement and Reinstatement Notice provided by Defendants to the Plaintiff since November 31,

2008, is directly relevant to Plaintiff's claims that the fees Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper. In her Complaint and Objection to Secured Claim (Pacer Doc. 24), Plaintiff alleges that the fees were not allowed by contract or law *and* that the fees were illegitimate, unreasonable, excessive, unnecessary, or not bona fide. Plaintiff further alleges that she has overpaid her account, Defendants misapplied her payments to the fees, Defendants misrepresented amounts due-and-owing (in the very documents for which Plaintiff's interrogatory requests information), and that Defendants profited from such improper servicing. Plaintiff also contends that Defendants' conduct in demanding such fees was intentional. Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

(iii)    For the same reasons addressed in Argument A.(iii) above, Defendants' objection that the interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's request is narrowly tailored by both subject matter and time period and Plaintiff specifically identified the type of information sought. Plaintiff respectfully refers the Court to that discussion.

(iv)    Defendants' revised response is evasive and incomplete. The document Defendants identified as the "comment log" (Bates Nos. 126-216) does not provide a complete response to the requested information as Defendants assert in their revised response. For example, Plaintiff has maintained four (4) such payoff statements and notices generated by Defendants dated December 5, 6, 13, and 18, 2008. Looking at Defendants comment log on those dates (on Bates Nos. 139-142), a payoff statement appears on December 5th but no financial data is readily apparent, no entries appear on December 6th, no payoff statement

appears on December 13th, and again on December 18th, a payoff statement was generated but no

financial data is readily apparent.

Furthermore, the Rules require more than simply production:  Defendants must provide a

written response showing what it has produced and what has not produced and why.   In

answering Plaintiff's interrogatory, for any business records Defendant opts to provide, the

written response should include the <u>specific</u> Bates number(s) of the pages on which responsive

information may be found.  F.R.C.P. 34 (b)(2)(E)(i).

(v)     As of the date of this Motion no amendment has been provided to Plaintiff as

promised by Defendants, and therefore the Court should compel Defendants to fully respond to

Plaintiff's Interrogatory No. 17.

### H.  The Court Should Compel Defendants to Fully Respond to Interrogatory 18:

**INTERROGATORY NO. 18:**  Please identify any case management systems (i.e., mortgage servicing package, loan servicing platform, and/or other software processing system) used to service Plaintiff's mortgage pre- and post- bankruptcy petition.  Please identify the provider and the dates each system was used to service Plaintiff's account.  Please specify what servicing functions of Plaintiff's account are supported by each system(s) or platform(s) including but not limited to:

(a)     default management services (including foreclosure, bankruptcy, and other mortgage loan-related default services such as automated property-preservation services including interfaces with business partners),

(b)     customer services,

(c)     escrow services,

(d)     cash balancing services, and

(e)     investor reporting services.

**ANSWER:**   Ocwen objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Ocwen further objects that the request seeks information which is proprietary in nature and constitutes a protected trade secret.

**SUPPLEMENTED ANSWER:**  Interrogatory No. 18 sought information about "the case management systems and/or loan servicing platform utilized to service the plaintiff's loan."  The defendants objected on grounds of both trade secret and relevance.  Defendants continue to maintain their position that they are not required to disclose or otherwise give plaintiff access to

specific information concerning its servicing platform or other systems utilized to service the loan. The allegation in this case is not that the servicing of the loan was somehow inaccurate or accounting improper; rather, the allegation is that charges were made which were not allowed pursuant to the terms of the note and mortgage at issue. Those claims may be adequately weighed through a review of the information generated by the system and the underlying contractual documents. The system itself is not in question. Defendants volunteer that the system utilized by Ocwen is know as Real Servicing, and that it is an inclusive, comprehensive system for servicing the loan and logging communications with the Borrower. The previous response will be amended to reflect this information.

(i)     For the same reasons addressed in Argument A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)     Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence. Defendants' claim of a "protected trade secret" is not a recognized basis for refusing to provide documents. There is simply no absolute privilege or protection with regard to such matters. *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 99 S.Ct. 2800, 61 L.Ed.2d 258 (1979). Having been more than 100 days since being served Plaintiff's discovery requests, Defendants are obviously well beyond the date set for producing such discovery. During this time Defendants have completely ignored Plaintiff's repeated attempts to negotiate a protective order and have likewise failed to seek protection from the Court pursuant to F.R.C.P. 26(c)(1)(G). Therefore the Rules require Defendants to produce the information requested. *See* MOORE'S FEDERAL PRACTICE § 26.102[2] (citing at least ten cases in support of the proposition that a motion for a protective order is timely if it is made *prior* to the date set for producing the discovery, though a party's failure may be excused if there was no opportunity to move for the order before discovery was due).

Moreover, Plaintiff's request regarding any case management systems used by Defendants to service Plaintiff's mortgage loan directly relates to the processes Defendants used to assess and collect fees charged to Plaintiff's account. This interrogatory is directly relevant to Plaintiff's claims that the fees for these services Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper. In her Complaint and Objection to Secured Claim (Pacer Doc. 24), Plaintiff alleges that the fees were not allowed by contract or law _and_ that the fees were illegitimate, unreasonable, excessive, unnecessary, or not bona fide. Plaintiff further alleges that she has overpaid her account, Defendants misapplied her payments to the fees, Defendants misrepresented amounts due-and-owing, and that Defendants profited from such improper servicing. Plaintiff also contends that Defendants' conduct in assessing and collecting such fees was intentional. Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

Additionally, Defendants have asserted as a defense in their Answer to Plaintiff's Adversary Complaint (Pacer Doc. 6 ¶17) that any damages Plaintiff incurred were the result of the actions of some other entity, and that assertion alone renders any such discovery request within the scope of allowable discovery.

## I. The Court Should Compel Defendants to Fully Respond to Interrogatory 19:

**INTERROGATORY NO. 19:** Please explain in detail if and how any servicing function(s) identified in Interrogatory No. 18 was adapted to service Plaintiff's individual loan in accordance with the specific terms of the 1981 Note and Mortgage; _and_ if any such function(s) was adapted to service all other loans within the pool of loans of which Plaintiff's loan is part in accordance with the specific terms of each loan's Note and Mortgage.

**ANSWER:** Ocwen objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Ocwen further objects that the request seeks information which is proprietary in nature and constitutes a protected trade secret.

**SUPPLEMENTED ANSWER:** Interrogatory No. 19 sought disclosure of, inter alia, "how any servicing function(s) identified in Interrogatory No. 18 was adapted to service Plaintiff's individual loan." If the question is whether the loan had to be individually set up in the system, the answer is that, of course, it did. Without waiving their objections, defendants will supplement their previous response with additional information relative to this process.

(i)    For the same reasons addressed in Argument A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)    Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence. Defendants' claim of a "protected trade secret" is not a recognized basis for refusing to provide documents. There is simply no absolute privilege or protection with regard to such matters. As Defendants have not sought a protective order, the Rules require Defendants to produce the information requested.

Moreover, information regarding how case management systems were used to assess and collect fees charged to Plaintiff's account (in accordance with the 1981 Note and Mortgage herein at issue), as well as the other loans within the pool of loans of which Plaintiff's loan is part (in accordance with each loan's specific Note and Mortgage), is directly relevant to Plaintiff's claims that the fees for the services Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper and intentionally assessed and collected in order to maximize profits. Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

Additionally, Defendants have asserted as a defense in their Answer to Plaintiff's Adversary Complaint (Pacer Doc. 6 ¶17) that any damages Plaintiff incurred were the result of

the actions of some other entity, and that assertion alone renders any such discovery request within the scope of allowable discovery.

(iii)   As of the date of this Motion no amendment has been provided to Plaintiff as promised by Defendants, and therefore the Court should compel Defendants to fully respond to Plaintiff's Interrogatory No. 19.

**J.  The Court Should Compel Defendants to Fully Respond to Interrogatory 20:**

**INTERROGATORY NO. 20:**  Please identify any case management systems and/or electronic information systems used to manage the relationship between Ocwen and its attorneys in the collection of Plaintiff's mortgage loan.  Please identify the provider and the dates each system was used in the collection of Plaintiff's account.  Please specify what collection functions of Plaintiff's account are supported by the case management or electronic information system(s) including but not limited to:

(a)   providing mortgage documents attorneys can upload;

(b)   engaging attorneys;

(c)   assigning specified tasks to attorneys; and

(d)   providing a means by which attorneys report and/or seek information.

**ANSWER:**  Ocwen objects to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Ocwen further objects that the request seeks information which is proprietary in nature and constitutes a protected trade secret.

**SUPPLEMENTED ANSWER:**  Interrogatory No. 20 sought discovery of "any case management systems and/or electronic information systems used to manage the relationship between Ocwen and its attorneys in the collection of Plaintiff's mortgage loan."  Defendants objected on grounds of relevance and trade secret.  The response will be further amended to assert attorney/client privilege, as clearly any means or content of communication between Defendants and their attorneys is not subject to disclosure.  There is no basis for your continued assertion that you require detailed information about the functions of any proprietary system in order to evaluate and prove your claims or to negate any defenses raised in this action.  This is especially true with respect to any system of communication between the Defendants and their attorneys.  The complaint alleges that the attorney fees were not allowed by contract and were therefore improper.  The attorney fee charges are available in other documents, notably Bates Nos. 000228 through 000235.  Specific knowledge as to the system utilized to communicate with Defendants attorneys is not necessary to the adjudication of your client's claims.

(i)      For the same reasons addressed in Argument A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)     Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence.  Defendants' claim of a "protected trade secret" is not a recognized basis for refusing to provide documents.  There is simply no absolute privilege or protection with regard to such matters.  As Defendants have not sought a protective order, the Rules require Defendants to produce the information requested.

Furthermore, Defendants assertion of attorney-client privilege in its revised response is unfounded.  First, Defendants have not produced a privilege log with regard to the information withheld, as required by the Rules.  Second, Plaintiff has only requested information regarding the *process* of communications – not the communications themselves – and any such information would not be privileged.

Moreover, Plaintiff's request regarding case any case management systems used to manage the relationship between Ocwen and its attorneys in the collection of Plaintiff's mortgage loan directly relates to the processes Defendants used to assess and collect attorneys' fees charged to Plaintiff's account.  This interrogatory is directly relevant to Plaintiff's claims that the fees for these services Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper and intentionally assessed and collected. Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

Additionally, Defendants have asserted as a defense in their Answer to Plaintiff's Adversary Complaint (Pacer Doc. 6 ¶17) that any damages Plaintiff incurred were the result of the actions of some other entity, and that assertion alone renders any such discovery request within the scope of allowable discovery.

(iii)     Defendants' revised response is evasive and incomplete.  The document Defendants identified as Bates Nos. 228-235 contains <u>no</u> responsive information, the document simply provides the "effective date" of the charge, the total amount of the charge, and the identity of the vendor/attorney.   Plaintiff's request above does not seek any such information.

**K.  The Court Should Compel Defendants to Fully Respond to Interrogatory 23:**

**INTERROGATORY NO. 23:**   State the name, residence and business addresses and phone numbers, and job position of all person(s) and/or entities not identified in response to any preceding Interrogatory, who had any involvement in or has knowledge of any facts relating to matters alleged in Plaintiff's Objection and Complaint, and/or who may testify as a witness at trial or any hearing thereof.  Identify each and every written or recorded statement made by such potential witnesses.

**ANSWSER:**  BOA has not yet identified its potential witnesses in this matter and will provide written disclosures in accordance with the Case Management Order entered herein at such time as such witnesses have been identified.

**SUPPLEMENTED ANSWER:**  Interrogatory No. 23 sought the identity of all persons or entities who had any involvement in or knowledge of facts related to the matters at issue in this case.  Defendants understood this interrogatory to be requesting the identity of witnesses and will provide a revision to the response to name those who may have information that is relevant to the claims.

(i)     The Rules require that a party must respond to and produce all information requested unless the party serves timely and proper objections or assertions of privilege. Defendants' revised response neither objects to nor asserts any privilege with regard to the information requested thereby constituting a failure to answer as required by the Rules.

(ii)     As of the date of this Motion no amendment has been provided to Plaintiff as promised by Defendants, and therefore the Court should compel Defendants to fully respond to Plaintiff's Interrogatory No. 23.

## II.    DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION FAIL TO COMPLY WITH F.R.C.P. 34 AND F.R.B.P. 34

Plaintiff will address each of Defendants' Responses and Supplemented Responses to Plaintiff's Requests for Production that fail to comply with F.R.C.P. 34 and F.R.B.P. 34 in order below, following with Plaintiff's arguments why these answers do not meet the requirements of the Rules.

### A. The Court Should Compel Defendants to Fully Respond to Request for Production 1:

**REQUEST NO. 1:**   Every document executed at the time of the loan closing on or about January 28, 1981, including but not limited to the 1981 Note and Mortgage, HUD-1 Settlement Statement, TILA Disclosure, and mortgage loan application.

**RESPONSE:** Defendants object to the request as being overbroad in its use of the term "every document, " and as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiving said objection, Defendants will provide the closing file for the loan at issue.

**SUPPLEMENTED RESPONSE:**  Document Request No. 1 sought "every document executed at the time of the loan closing."  Defendants state they have provided all such documents presently in their possession, to the best of their knowledge.  The use of the term "every document" gives use reason to pause, however, because as assignee and assignee servicer of the loan, either BOA nor Ocwen was present at the closing and cannot state unequivocally that their files include every such document.

(i)     For the same reasons addressed in Argument I.A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion. [5]

(ii)     Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence.  Defendants made no claim of protection or privilege pursuant to F.R.C.P. 26(b)(3) or (5).  Further, Plaintiff's request regarding documents executed at Plaintiff's loan closing are directly relevant to Plaintiff's claims that the fees for the services Defendants

---

[5] The only difference being the controlling Rules with regard to Production are F.R.C.P. 34(b)(2)(C) and 37 (a)(3)(B)(iv).

have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan,

were improper – including that Defendants serviced Plaintiff's loan in contravention to the terms

of the very loan documents Plaintiff requests.  In her Complaint and Objection to Secured Claim

(Pacer Doc. 24), Plaintiff alleges that the fees were not allowed by contract or law *and* that the

fees were illegitimate, unreasonable, excessive, unnecessary, or not bona fide.  Plaintiff further

alleges that she has overpaid her account, Defendants misapplied her payments to the fees,

Defendants misrepresented amounts due-and-owing, and that Defendants profited from such

improper servicing.  Plaintiff also contends that Defendants' conduct in assessing and collecting

such fees was intentional.  Therefore, Plaintiff's request is permissible in that it seeks relevant

non-privileged information that is reasonably calculated to lead to the discovery of admissible

evidence pursuant to F.R.C.P. 26(b)(1).

(iii)    For the same reasons addressed in Argument I.A.(iii) above, Defendants'

objection that the interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's

request is narrowly tailored by both subject matter and time period and Plaintiff specifically

identified the type of information sought.  Plaintiff respectfully refers the Court to that

discussion. [6]

(iv)    Defendants' revised response is evasive and incomplete. Defendants'

supplemented response that they have provided "all such documents presently in their

possession, to the best of their knowledge" is insufficient.  A party must produce information

that, at the time the response is made, is reasonably available to the party or its attorney.

F.R.C.P. 26(g).  Defendants cannot claim a lack of information or knowledge in response to a

request unless a reasonable inquiry was made.  *See Legault v. Zambarano*, 105 F.3d 24, 28 (1st

---

[6] The only difference being the controlling Rules with regard to Production are F.R.C.P. 34(b)(2)(C) and 37 (a)(3)(B)(iv).

Cir. 1997) (certifying attorney must make reasonable effort to ensure that the client has provided

all responsive information and documents to a discovery request); *Poole v. Textron Inc.,* 192

F.R.D. 494 (D.Md. 2000).

Furthermore, the Rules require more than simply production, Defendants must provide a

written response showing what it has produced and what has not produced and why.    In

answering Plaintiff's interrogatory, for any business records Defendant opts to provide, the

written response should include the <u>specific</u> Bates number(s) of the pages on which responsive

information may be found.  F.R.C.P. 34 (b)(2)(E)(i).

**B.  The Court Should Compel Defendants to Fully Respond to Request for Production 2:**

**REQUEST NO. 2:**    A complete unedited and readable "life of loan" transactional
history from the date of the loan origination to the present, including any summary of all the
accounts, in a spreadsheet format.    Please include an explanation of any transaction code
appearing in the transaction history, including code definitions in plain English.

**RESPONSE:**    Defendants object to the request as overbroad and unduly burdensome
and as seeking information which is neither relevant nor reasonably calculated to lead to the
discovery of relevant information.    Further, Defendants object that the request for "an
explanation of any transaction code," as seeking information which is proprietary and/or a trade
secret.    To the extent any specific transaction code requires explanation and is discoverable,
Defendants suggest that such explanation is better obtained through deposition testimony.
Subject to and without waiving said objections, Defendants will provide a copy of the detailed
transaction history from the time it became the servicer of the loan.  Defendants do not believe
they possesses a detailed transaction history for any time prior to when LaSalle become the
holder and Ocwen became the servicer, and in any event a search of such records is irrelevant
due to contractual waiver provisions in forbearance or modification agreements entered into by
the Plaintiff.

**SUPPLEMENTED RESPONSE:**    Document Request No. 2 demands a "complete
unedited and readable 'life of loan' transaction history from the date of origination to the
present."  Defendants objected on grounds of relevance, overbreadth of the request, and as a
request which sought proprietary information.  The request for information since the inception of
the loan is clearly excessive in scope, since claims relating to charges made outside the
applicable statute of limitations period are non-justifiable.  Furthermore, Plaintiff executed a
number of forbearance and/or modification agreements, each of which contained provisions
through which Ms. Tolliver voluntarily waived prior claims "which in any way arise from or
relate to the Note, the Mortgage, the Loan, or the Default."  (*See, e.g.,* discovery documents,
Bates No. 000012, ¶ 14 and related pages.)  Defendants' objection to providing documentation
predating the last of these agreements, dated December 5, 2005, is clearly valid.

Defendants nevertheless provided full loan history from the date on which Ocwen became the servicing agent, on or about January 1, 1997. That history begins on the page bearing Bates No. 000121. As to the demand for an explanation of all transaction codes, Defendants continue to maintain that the request is overbroad and unduly burdensome and seeking irrelevant information since not all of the codes appearing on the report are relevant to any discovery purpose legitimately at issue in the case. Furthermore, no exhaustive list of the codes exists. Defendants will respond to a more focused request if, after review, the Plaintiff will provide a list of the codes that require explanation. As noted in the original responses, we believe this request would be more appropriately limited to the specific codes the Plaintiff needs to understand in order to evaluate her claims.

(i)     For the same reasons addressed in Argument I.A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)    Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence. Defendants' claim of a "protected trade secret" is not a recognized basis for refusing to provide documents. There is simply no absolute privilege or protection with regard to such matters. As Defendants have not sought a protective order, the Rules require Defendants to produce the information requested.

Further, Plaintiff's request for a lifetime transactional history of her loan is critical to defending Defendants' Proof of Claim against her. Moreover, Plaintiff's loan is the very subject of this litigation and therefore Plaintiff's request in its entirety (including a complete unedited and readable "life of loan" transactional history from the date of the loan origination to present) is directly relevant to Plaintiff's claim that Defendants' servicing of Plaintiff's loan was improper. In her Complaint and Objection to Secured Claim (Pacer Doc. 24), Plaintiff alleges that the fees were not allowed by contract or law _and_ that the fees were illegitimate,, unreasonable, excessive, unnecessary, or not bona fide. Plaintiff further alleges that she has overpaid her account, Defendants misapplied her payments to the fees, Defendants

misrepresented amounts due-and-owing, and that Defendants profited from such improper servicing. Plaintiff also contends that Defendants' conduct in assessing and collecting such fees was intentional. Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

(iii)   For the same reasons addressed in Argument I.A.(iii) above, Defendants' objection that the interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's request is narrowly tailored by both subject matter and time period and Plaintiff specifically identified the type of information sought. Plaintiff respectfully refers the Court to that discussion.

(iv)   Defendants' revised response is evasive and incomplete. Defendants' supplemented response that they "do not believe they possess a detailed transaction history … and in any event a search of such records is irrelevant," is improper. A party must produce information that, at the time the response is made, is reasonably available to the party or its attorney. Defendant cannot claim a lack of information or knowledge in response to a request unless it states that a reasonable inquiry was made. A party must produce documents in its possession, custody, or control at the time it is requested. *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995) (finding that the mere "legal right to obtain the documents on demand" constitutes possession for the purpose of discovery). Therefore, Defendants must provide what they have regarding an explanation of transaction codes – even if an "exhaustive list" does not exist. Defendants do not deny having such information. Whatever lists or information Defendants have, they must disclose. Experience dictates that businesses readily maintain available documents that provide definitions for the codes they utilize. If any of the documents

have been destroyed or misplaced, Defendants should affirmatively state so much and explain

when the misplacement/destruction occurred, the reason for the misplacement/destruction of the

documents and identify the person most knowledgeable regarding those facts.  This information

should be provided in the form of an affidavit from someone with firsthand knowledge of the

handling and disposition of those documents.

Furthermore, the Rules require more than simply production, Defendants must provide a

written response showing what it has produced and what has not produced and why.   In

answering Plaintiff's interrogatory, for any business records Defendant opts to provide, the

written response should include the specific Bates number(s) of the pages on which responsive

information may be found.  F.R.C.P. 34 (b)(2)(E)(i).

### C.  The Court Should Compel Defendants to Fully Respond to Request for Production 3:

**REQUEST NO. 3:**    Every document relating to Plaintiff's mortgage loan that records, reflects, evidences, or refers to any oral or written communications or contracts between or among any party relating to the 1981 Note and Mortgage regardless of author or recipient, including but not limited to: (a) Ocwen and Plaintiff, (b) Ocwen and any third party related to the loan, and/or (c) between or among employees and/or agents of Ocwen.

**RESPONSE:**    Defendants object to the request as overbroad and unduly burdensome in its request for "every document relating to Plaintiff's mortgage loan."  Subject to and without waiving said objection, Defendants will provide the detailed transaction history for the loan at issue in this case, as well as the comment log and other communications in its file.

**SUPPLEMENTED RESPONSE:**  Document Request No. 3 sought discovery of oral or written communication between Plaintiff and "any party" relating to the 1981 note and Mortgage.  All such communications are reflected in the comment log, which begins at Bates No. 000126.  Written communications appear at Bates Nos. 000008 through 000030.  If further communications are located, they will be provided.  The response will be amended to reflect these additions.

(i)    For the same reasons addressed in Argument I.A.(i) above, Defendants have

failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their

objections. Plaintiff respectfully refers the Court to that discussion.

(iii)    For the same reasons addressed in Argument I.A.(iii) above, Defendants'

objection that the interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's

request is narrowly tailored by both subject matter and time period and Plaintiff specifically

identified the type of information sought.    Plaintiff respectfully refers the Court to that

discussion.

(iii)    Defendants' revised response is evasive and incomplete.    The documents

Defendants identified as the "detailed transaction history," "payment reconciliation history," and

"comment log," (along with corresponding Bates numbers) do not completely provide the

requested information as asserted by Defendants.  For example, these logs and histories are only

inclusive of Ocwens' internal communications between and among employees (it is unknown by

Plaintiff if the logs and histories are the only such communications in Ocwen's possession).

Defendants seem to mistakenly understand the interrogatory to request oral and written

communications between and among "any party" to be inclusive of only Plaintiff and Defendants

without consideration of Plaintiff's specification that "any party" includes "(a) Ocwen and

Plaintiff, (b) Ocwen and any *third party* related to the loan, and/or (c) between or among

employees and/or agents of Ocwen." (Emphasis added.)

Defendants' supplemented response that "if further communications are located, they will

be produced," is improper.  A party must produce information that, at the time the response is

made, is reasonably available to the party or its attorney.  Defendant cannot claim a lack of

information or knowledge in response to a request unless it states that a reasonable inquiry was

made.  A party must produce documents in its possession, custody, or control at the time it is

requested.  A party has possession, custody, or control of documents if it has either physical

possession or a legal right to obtain the document.  Therefore, Defendants must provide what

they have regarding oral and written communications as described above.  Defendants do not

deny having such information.  Whatever information Defendants have, they must disclose.

Furthermore, the Rules require more than simply production, Defendants must provide a

written response showing what it has produced and what has not produced and why.   In

answering Plaintiff's interrogatory, for any business records Defendant opts to provide, the

written response should include the specific Bates number(s) of the pages on which responsive

information may be found.  F.R.C.P. 34 (b)(2)(E)(i).

**D.  The Court Should Compel Defendants to Fully Respond to Request for Production 4:**

**REQUEST NO. 4:**   Every document relating to Plaintiff's mortgage loan that records, reflects, evidences, or refers to pre- or post-petition attorneys fees charged to Plaintiff's loan account including but not limited to invoices or internal memos, fee applications, printout of computer records, checks (front and back), wire transfers, and/or bank statements showing the name of the individual or entity performing the service, the scope of the service, the time spent in performing the service, the amount of the payment, the name of the payee, payor bank, routing numbers identifying the draft, check, or electronic transfer with which Ocwen paid for the service, and the date of each payment, and the *actual* costs incurred by Ocwen for any such charge.   Include every document that records, reflects, or evidences any past or current relationship between Ocwen and the entity performing the services.

**RESPONSE:**   Defendants object to the request as overbroad and unduly burdensome and as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Furthermore, the request seeks information which may be subject to attorney/client or work product privilege.   Subject to and without waiving said objections, a portion of the requested information is available in the detailed transaction history, comment log and escrow analysis provided with Defendants' responses to these requests and/or the Interrogatory requests served herewith.

**SUPPLEMENTED RESPONSE:**   Document Request No. 4 sought discovery of pre- and post-petition attorney fees charged to Plaintiff's loan.  Information related to the request is included in the comment log, beginning at Bates No. 000126, and in the fee analysis, Bates No. 000228 – 000229 and 000233 – 000235.

(i)   For the same reasons addressed in Argument I.A.(i) above, Defendants have

failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their

objections. Plaintiff respectfully refers the Court to that discussion.

(ii)     Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence.  Defendants possible assertion of attorney-client privilege (Defendants only assert that the information Plaintiff seeks "*may* be subject to attorney/client or work product privilege", emphasis added) is unfounded.  First, Defendants have not produced a privilege log with regard to the information withheld, as required by the Rules.  Second, any attorney-client privilege or work product protection asserted with regard to such information regarding attorney's fees being assessed against Plaintiff is waived by virtue of Defendants putting such amounts directly at issue by claiming such amounts in its Proof of Claim – and so any such information would not be privileged.

Further, Plaintiff's request for documents relating to attorney's fees charged to Plaintiff's account is directly relevant to Plaintiff's claims that the attorneys' fees for these services Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper.  In her Complaint and Objection to Secured Claim (Pacer Doc. 24), Plaintiff alleges that the attorney's fees were not allowed by contract or law *and* that the fees were excessive, unreasonable, and unnecessary.  Plaintiff further alleges that she has overpaid her account, Defendants misapplied her payments to the fees, Defendants misrepresented amounts due-and-owing, and that Defendants profited from such improper servicing.  Plaintiff also contends that Defendants' conduct in assessing and collecting such fees was intentional.  Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

(iii)    For the same reasons addressed in Argument I.A.(iii) above, Defendants'
objection that the interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's
request is narrowly tailored by both subject matter and time period and Plaintiff specifically
identified the type of information sought.   Plaintiff respectfully refers the Court to that
discussion.

(iv)    Defendants' revised response is evasive and incomplete.   Defendants' assert that
it provided "a portion of the requested information" (Bates Nos. 228-229, 233-235, and 126-
216).   However, the documents Defendants provided do not contain the specific information
identified by Plaintiff's request.   For example, Bates Nos. 228-229 is simply a list of fees
including the total amount of each fee, the "effective date" of the fee, and vendor/attorney
charging the fee.  Otherwise the list provides no information responsive to the requested invoices
or internal memos, fee applications, printout of computer records, checks (front and back), wire
transfers, and/or bank statements showing the name of the individual or entity performing the
service, the scope of the service, the time spent in performing the service, the payor bank, routing
numbers identifying the draft, check, or electronic transfer with which Ocwen paid for the
service, and the date of each payment, and the *actual* costs incurred by Ocwen for any such
charge.  Bates Nos. 233-235 provides the identical information as the other documents provided
by Defendants, only in a different format.  The comment log (Bates Nos. 126-216) provides no
further additional responsive information.

Furthermore, the Rules require more than simply production, Defendants must provide a
written response showing what it has produced and what has not produced and why.   In
answering Plaintiff's interrogatory, for any business records Defendant opts to provide, the

written response should include the <u>specific</u> Bates number(s) of the pages on which responsive information may be found.  F.R.C.P. 34 (b)(2)(E)(i).

**E.  The Court Should Compel Defendants to Fully Respond to Request for Production 5:**

**REQUEST NO. 5:**   Every document relating to Plaintiff's mortgage loan that records, reflects, evidences, or refers to pre- or post-petition fees or charges of any kind (i.e., property inspection or preservation fees, bankruptcy fees, foreclosure costs, options products, certified mail charges, late fees, title fees, etc.,) which were charged to Plaintiff's loan account and not included in Request No. 4 including but not limited to invoices or internal memos, fee applications, printout of computer records, checks (front and back), wire transfers, and/or bank statements showing the name of the individual or entity performing the service, the scope of the service, the time spent in performing the service, the amount of the payment, the name of the payee, payor bank, routing numbers identifying the draft, check, or electronic transfer with which Ocwen paid for the service, and the date of each payment, and the *actual* costs incurred by Ocwen for any such charge. Include every document that records, reflects, or evidences any past or current relationship between Ocwen and the entity performing the services.

**RESPONSE:**  Defendants object to the request as overbroad and unduly burdensome and as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to and without waiving said objections, Defendants state that the requested information is contained in the transaction history, comment log and other documents served in response to this request and to Plaintiff's Interrogatory requests.

**SUPPLEMENTED RESPONSE:**  Document Request No. 5 sought "every document" related to fees of any kind charged to the loan.  Defendants continue to dispute the validity and necessity of the request, in light of both the contractual waiver discussed above (*See* Response to Request No. 2, above), and due to the nature of the claim made in the case, which alleges that fee charges of any kind were not proper under the loan documents.  Nevertheless, a fee analysis has been provided, Bates No. 000233 – 000235.  The exhaustive list of supporting documentation demanded by the request may or may not be available.  A request has been made for all such information, research is ongoing, and the response will be supplemented as soon as possible.

(i)       For the same reasons addressed in Argument I.A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)      Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence. Defendants have made no claim of protection or privilege.  Further, information regarding the fees charged to Plaintiff's account during the time period since

Defendants began servicing Plaintiff's loan is directly relevant to Plaintiff's claims that the fees

for these services Defendants have demanded as part of their Proof of Claim, and as part of their

servicing of Plaintiff's loan, were improper.  In her Complaint and Objection to Secured Claim

(Pacer Doc. 24), Plaintiff alleges that the fees were not allowed by contract or law _and_ that the

fees were illegitimate, unnecessary, and not bona fide.  Plaintiff further alleges that she has

overpaid her account, Defendants misapplied her payments to the fees, Defendants

misrepresented amounts due-and-owing, and that Defendants profited from such improper

servicing.  Plaintiff also contends that Defendants' conduct in assessing and collecting such fees

was intentional.  Therefore, Plaintiff's request is permissible in that it seeks relevant non-

privileged information that is reasonably calculated to lead to the discovery of admissible

evidence pursuant to F.R.C.P. 26(b)(1).

   Assuming Defendants are asserting waiver as a defense, Defendants can not assert a

defense and then unilaterally decide that they succeed on that defense as a justification for

refusing to respond to discovery.  Additionally, any information related to Defendants' routine

business practice and course of conduct – even if the claims related to such have been waived–

are reasonably calculated to lead to the discovery of admissible evidence.  F.R.E. 406.

   (iii)    For the same reasons addressed in Argument I.A.(iii) above, Defendants'

objection that the interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's

request is narrowly tailored by both subject matter and time period and Plaintiff specifically

identified the type of information sought.    Plaintiff respectfully refers the Court to that

discussion.

   (iv)    Defendants' revised response is evasive and incomplete.  Defendants' assert that

it provided "a portion of the requested information" (Bates Nos. 228-229, 233-235, and 126-

216).   However, the documents Defendants provided do not contain the specific information

identified by Plaintiff's request.   For example, Bates Nos. 228-229 is simply a list of fees

including the total amount of each fee, the "effective date" of the fee, and vendor/attorney

charging the fee.   Otherwise the list provides <u>no</u> information responsive to the requested invoices

or internal memos, fee applications, printout of computer records, checks (front and back), wire

transfers, and/or bank statements showing the name of the individual or entity performing the

service, the scope of the service, the time spent in performing the service, the payor bank, routing

numbers identifying the draft, check, or electronic transfer with which Ocwen paid for the

service, and the date of each payment, and the *actual* costs incurred by Ocwen for any such

charge.   Bates Nos. 233-235 provided by Defendant supplies the identical information, only in a

different format.   The comment log (Bates Nos. 126-216) provides no further additional

responsive information.

Furthermore, the Rules require more than simply production, Defendants must provide a

written response showing what it has produced and what has not produced and why.   In

answering Plaintiff's interrogatory, for any business records Defendant opts to provide, the

written response should include the <u>specific</u> Bates number(s) of the pages on which responsive

information may be found.   F.R.C.P. 34 (b)(2)(E)(i).

**F.  The Court Should Compel Defendants to Fully Respond to Request for Production 7:**

**REQUEST NO. 7:**   Every document relating to Plaintiff's mortgage loan that records,
reflects, evidences, or refers to any past or current relationship between Ocwen and the American
Security Insurance Company during the time period of January 1, 1997 to the present.

**RESPONSE:**   Defendants object to the request as seeking information which is neither
relevant nor reasonably calculated to lead to the discovery of relevant information.

**SUPPLEMENTED RESPONSE:**   Document Request No. 7 sought documents relating
to "any past or current relationship between Ocwen and American Security Insurance Company"
from January 1, 1997 to the present.   Defendants objected on grounds of relevance.   The request
is clearly overbroad and seeks irrelevant information, due to statute of limitations and contractual
waiver grounds.   Defendants nevertheless volunteer that American Security Insurance Company

is not an affiliate or subsidiary of Ocwen, and that any relationship between the entities is contractual. The response will be amended to reflect this information.

(i)    For the same reasons addressed in Argument I.A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)    Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence. Defendants have made no claim of protection or privilege. Further, Plaintiff's request for documents relating to fees charged to Plaintiff's account for lender-placed or forced-place hazard insurance is directly relevant to Plaintiff's claims that the fees Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper. Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

Assuming Defendants are asserting waiver and statute of limitations as defenses, Defendants can not assert such defenses and then unilaterally decide that they succeed on that defense as a justification for refusing to respond to discovery. Additionally, any information related to Defendants' routine business practice and course of conduct – even if the claims related to such have been waived or are barred by statue of limitations – are reasonably calculated to lead to the discovery of admissible evidence. F.R.E. 406.

(iii)    For the same reasons addressed in Argument I.A.(iii) above, Defendants' objection that the interrogatory "overly broad" and "burdensome" lacks merit because Plaintiff's request is narrowly tailored by both subject matter and time period and Plaintiff specifically

identified the type of information sought.   Plaintiff respectfully refers the Court to that discussion.

(iv)   Defendants' revised response is evasive and incomplete.   Defendants admit that the relationship between Ocwen and the insurance company is "contractual".   Therefore, the documents requested relating to any such contract(s) must be disclosed.   A party must produce information that, at the time the response is made, is reasonably available to the party or its attorney.   Therefore, Defendants must provide what they have regarding its relationship to the insurance company as described above.   Defendants do not deny having such information.   Whatever documents or information Defendants have, they must disclose.

Furthermore, the Rules require more than simply production, Defendants must provide a written response showing what it has produced and what has not produced and why.   In answering Plaintiff's interrogatory, for any business records Defendant opts to provide, the written response should include the _specific_ Bates number(s) of the pages on which responsive information may be found.   F.R.C.P. 34 (b)(2)(E)(i).

## G. The Court Should Compel Defendants to Fully Respond to Request for Production 8:

**REQUEST NO. 8:**   Every document relating to Plaintiff's mortgage loan that records, reflects, evidences, or refers to the Loan Sale Agreements between the Department of Housing and Urban Development ("HUD") and Ocwen, or any predecessor business entity of Ocwen, Ocwen's principal and/or Ocwen's principal's assignor(s).

**RESPONSE:**   Defendants object to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.   Subject to and without waiving said objections, Defendants will provide a copy of the assignment of mortgage.

**SUPPLEMENTED RESPONSE:**   Request No. 8 sought production of documents evidencing Loan Sale Agreements between the Department of Housing and Urban Development and Ocwen.   Defendants objected on grounds of relevance.   The Complaint does not appear to contest the authority of either Bank of America or Ocwen to enforce the loan and, in fact, asserts that they are the holder and servicer, respectively, of the loan.   (Complaint ¶¶ 15-17)   We continue to see no relevance to the request.

(i)     For the same reasons addressed in Argument I.A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.  Further, Defendants' general objection failed to respond to any unobjectionable portion of Plaintiff's request as well.  As a general rule, the responding party must provide documents that are available to it and that can be given without undue labor and expense.  See WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2174.  Plaintiff's general objection fails to address, what, if any documents it can provide without undue labor and expense and therefore constitutes an additional reason to compel.

(ii)     Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence. Defendants have made no claim of protection or privilege.  Further, Plaintiff's request for documents regarding the HUD Loan Sale Agreement is directly relevant to Plaintiff's claims that Defendants' servicing of Plaintiff's loan was improper, *including* any assignment or transfer agreement that bound Defendants to certain express servicing terms Defendants may have violated.  Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

(iii)     Defendants' revised response is evasive and incomplete.  Defendants' had previously provided the publically recorded assignment in their foreclosure complaints against Plaintiff and this assignment provides absolutely no information responsive to this request.

**H.  The Court Should Compel Defendants to Fully Respond to Request for Production 9:**

**REQUEST NO. 9:**   Every document relating to Plaintiff's mortgage loan that records, reflects, evidences, or refers to any master service and collection system or platform referred to

or identified in Defendants' answers to Plaintiff's Interrogatories (served herewith) Nos. 18, 19, and 20.

**RESPONSE:** Defendants object to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information. Defendants further object that the request seeks information which is proprietary in nature and constitutes a trade secret which shall not be disclosed without the issuance of a protective order.

**SUPPLEMENTED RESPONSE:** Request No. 9 demanded "every document" relating to the loan "that records, reflects, evidences or refers to any master service and collection system of platform referred to or identified on grounds of both relevance and trade secret. Defendants have volunteered as part of their revise Interrogatory responses that the servicing system is known as Real Servicing. The wording of Request No. 9 is unclear, however. The comment log and transaction history are both available upon Real Servicing, as are other reports. To the extent the Defendants relied upon any other report in answering the interrogatories in question, they have been provided. If further documentation is required, we respectfully ask that you clarify what specific reports you seek.

(i)     For the same reasons addressed in Argument I.A.(i) above, Defendants have failed to meet their obligations to inform the Court and Plaintiff of the particular reasons for their objections. Plaintiff respectfully refers the Court to that discussion.

(ii)    Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence. Defendants' claim of a "protected trade secret" is not a recognized basis for refusing to provide documents. There is simply no absolute privilege or protection with regard to such matters. As Defendants have not sought a protective order regarding Plaintiff's request, the Rules require Defendants to produce the information requested.

Moreover, Plaintiff's request regarding documents related to any master service and collection system or platform (which directly relate to the processes Defendants used to assess and collect fees charged to Plaintiff's account) is directly relevant to Plaintiff's claims that the fees for these services Defendants have demanded as part of their Proof of Claim, and as part of their servicing of Plaintiff's loan, were improper. In her Complaint and Objection to Secured Claim (Pacer Doc. 24), Plaintiff alleges that the fees were not allowed by contract or law _and_

that the fees were illegitimate, unreasonable, excessive, unnecessary, or not bona fide.  Plaintiff

further alleges that she has overpaid her account, Defendants misapplied her payments to the

fees, Defendants misrepresented amounts due-and-owing, and that Defendants profited from

such improper servicing.  Plaintiff also contends that Defendants' conduct in assessing and

collecting such fees was intentional.  Therefore, Plaintiff's request is permissible in that it seeks

relevant non-privileged information that is reasonably calculated to lead to the discovery of

admissible evidence pursuant to F.R.C.P. 26(b)(1).

Additionally, Defendants have asserted as a defense in their Answer to Plaintiff's

Adversary Complaint (Pacer Doc. 6 ¶17) that any damages Plaintiff incurred were the result of

the actions of some other entity, and that assertion alone renders any such discovery request

within the scope of allowable discovery.

## I.  The Court Should Compel Defendants to Fully Respond to Request for Production 10:

**REQUEST NO. 10:**  Every document relating to Plaintiff's mortgage loan that records,
reflects, evidences, or refers to the securitization and creation of the trust of which Plaintiff's
loan is part of the underlying collateral, including but not limited to the Prospectus and
Prospectus Supplement, Pooling and Servicing Agreement, Master Documents Custodial
Agreement, and all Confirmation Reports by the Master Documents Custodian.

**RESPONSE:**  Defendants object to the request as seeking information which is neither
relevant nor reasonably calculated to lead to the discovery of relevant information.  Subject to
and without waiving said objection, the Pooling and Servicing Agreement is a public record for
which the Debtor can retrieve at the Security and Exchange Commission website.

**SUPPLEMENTED RESPONSE:**  Document Request No. 10 demanded information
related to the securitization and creation of the trust of which the loan at issue comprises a part of
the collateral.  We acknowledge that the assertion that the PSA is publicly available was
mistaken, and will revise our response to withdraw that portion.  Although we continue to
believe that you are painting with an unduly broad brush by claiming that the basis for servicing
the loan is at will in issue in your pleadings, we have requested a copy of the PSA and will
provide it to you when it becomes available.  I anticipate that this should be within
approximately a week.

(i)   Plaintiff may obtain discovery regarding any non-privileged matter that is relevant

to any party's claim or defense and appears to be reasonably calculated to lead to the discovery

of admissible evidence.  Defendants have made no claim of protection or privilege.  Further, as admitted in Defendants' jointly filed Answer to Plaintiff's Adversary Complaint (Pacer Doc. 6 ¶14), this was a privately offered residential mortgage-backed security and as such Defendants also admit in their revised response that the requested documents are not public record.  The specific documents requested by Plaintiff are the primary documents underlying the securitization transaction and are directly relevant to Plaintiff's claims and Defendants' defenses (as previously outlined in detail above relating to Plaintiff's claims that Defendants' servicing of her loan was improper and that fees were wrongfully and intentionally assessed and collected in order to maximize Defendants' profits) because they contain the obligations and rights of the servicer and various representations and warranties of the parties to the transaction (in this case the Defendants).  Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P. 26(b)(1).

(ii)    Regardless of Defendants' revised response that documents would be forthcoming, no amendment or supplemental documentation has been provided to Plaintiff by Defendants as of the date of this Motion and therefore the Court should compel Defendants to fully respond to Plaintiff's Interrogatory No 10.

**J.  The Court Should Compel Defendants to Fully Respond to Request for Production 11:**

**REQUEST NO. 11:**  Every document relating to Plaintiff's mortgage loan that records, reflects, evidences, or refers to any subservicing agreements between Ocwen and any other entity.

**RESPONSE:**    Defendants object to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.

**SUPPLEMENTED RESPONSE:**  Request No. 11 sought information related to any subservicing agreements between Ocwen and any other entity.  Ocwen objected on grounds of relevance.  We will revise the response.

(i)      Plaintiff may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and appears to be reasonably calculated to lead to the discovery of admissible evidence.  Defendants made no claim of protection or privilege with regard to Plaintiff's request.  Further, Plaintiff's request regarding documents related to any subservicing agreements between Ocwen and any other entity is directly relevant to Plaintiff's claims that Defendants' servicing of the loan was improper and that Defendants' conduct was intentional. Additionally, Defendants have asserted as a defense that any damages Plaintiff incurred were the result of the actions of some other entity, and that assertion alone renders any such discovery request within the scope of allowable discovery.  Therefore, Plaintiff's request is permissible in that it seeks relevant non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence pursuant to F.R.C.P.26(b)(1).

(ii)      Regardless of Defendants' assertion that they would revise the response, no amendment or supplemental documentation has been provided to Plaintiff by Defendants as of the date of this Motion and therefore the Court should compel Defendants to fully respond to Plaintiff's Interrogatory No 11.

**K.  The Court Should Compel Defendants to Fully Respond to Request for Production 13:**

**REQUEST NO. 13:**  Every document that records, reflects, evidences, or refers to any judicial or administrative proceeding in which claims, cross-claims, or counterclaims were raised against Ocwen by a public or private consumer protection agency or office, or by a borrower, in which Ocwen was alleged to have made misrepresentations or violated any federal or state consumer protection statutes, rules or regulations relating to the extension of credit in Campbell County, Kentucky during the time period of January 1, 1997 through the present.

**RESPONSE:**  Defendants object to the request as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of relevant information.  Defendants further object that the request seeks information, the probative value of which is substantially outweighed by the danger of unfair prejudice.

**SUPPLEMENTED RESPONSE:**  Request No. 13 sought every document reflecting "any judicial or administrative proceeding in which claims, cross-claims or counterclaims were raised against Ocwen by a public or private consumer protection agency or office, or by a borrower, in which Ocwen was alleged to have made misrepresentations or violated any federal

or state consumer protection statutes, rules or regulations relating to the extension of credit in Campbell County, Kentucky during the time period of January 1, 1997 through the present." Defendants objected and will continue to object to this request as seeking information which is not relevant to the present case. This is a class "fishing expedition" request that seeks nothing related to the facts at issue in the case, but seeks only to discover information which is both irrelevant and prejudicial.

(i)    Request for other complaints, claims and lawsuits similar to those involved in current litigation is a standard discovery request and is routinely provided. Without doubt a history of the misconduct similar to that alleged in the complaint may establish a history of routine misconduct on the part of Defendants complained of in this litigation similar to that alleged in the Complaint which may be used to prove that the misconduct of the Defendants in this litigation was in conformity with such routine practices. Such information is relevant and reasonably calculated to lead to the discovery of admissible information. Regarding a request to produce other complaints of discrimination in a gender discrimination case, a federal district court concluded, "[t]he discovery sought here by plaintiff is reasonably calculated to lead to admissible evidence and is therefore discoverable." *D'Onofrio v. SFX Sports Group, Inc.* 247 F.R.D. 43, 50 (D.D.C., 2008). See also *Alexander v. Alcatel NA Cable Systems, Inc.*, 50 Fed.Appx. 594, 602, 2002 WL 31302227, 7 (4th Cir. 2002) (where information regarding a history of similar complaints was both discoverable and, in that case, potentially admissible.) Interrogatory No. 13 requests the same type of information found discoverable in the above referenced cases and therefore the Court should compel Defendants to fully respond to Plaintiff's Interrogatory No 13.

## CONCLUSION

Plaintiff respectfully requests the Court to compel Defendants to respond to Plaintiff's Interrogatories as specified above in numbers 5, 6, 9, 10, 12, 13, 14, 15, 17, 18, 19, 20, and 23. Further, Plaintiff respectfully requests the Court to compel Defendants to respond to Plaintiff's

Requests for Production of Documents as specified above in numbers 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, and 13.

Plaintiff reserves the right to file a motion to extend pre-trial and trial dates as set forth in the Court's scheduling order based on the timing and/or outcome of the Court's ruling on this pending discovery motion.

Respectfully Submitted,

/s/ J. Eileen Zell
J. EILEEN ZELL (#90398)
/s/ James P. McHugh (#85090)
JAMES P. MCHUGH
ATTORNEYS FOR PLAINTIFF
Legal Aid of the Bluegrass
104 East 7th Street
Covington, Kentucky 41011
Ph: 859-431-8200 ext 1221

/s/ Michael O'Hara
MICHAEL O'HARA (#52530)
ATTORNEY FOR PLAINTIFF
O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
25 Crestview Hills Mall Road, Suite 201
Covington, Kentucky 41017-0411
Ph: 859-331-2000

**CERTIFICATION OF SERVICE**

On April 5, 2010, I electronically filed this certification and memorandum with attachments through the ECF system, which will send a notice of electronic filing and any order or judgment the Plaintiff proposes in connection therewith to:

Christopher M. Hill, Esq.                    J. Eileen Zell, Esq.
chrish@hillslaw.com; tinariggs@hillslaw.com   ezell@lablaw.org

Michael O'Hara, Esq.                         James P. McHugh, Esq.
mohara@ortlaw.com; jenniferb@ortlaw.com       jmchugh@LABLaw.org

                              By:   /s/ J. Eileen Zell
                                    J. Eileen Zell
                                    Legal Aid of the Bluegrass