UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

PAMELA TOLLIVER                                              CASE NO. 09-21742

DEBTOR(S)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PAMELA M. TOLLIVER                                                              PLAINTIFF

v.                                                           **ADV. NO. 09-2076**

BANK OF AMERICA, NATIONAL ASSOCIATION AS                     DEFENDANTS
SUCCESSOR TO LASALLE BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE
MORTGAGE PASSTHROUGH CERTIFICATES 1997-R3

and

OCWEN LOAN SERVICING, LLC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**PLAINTIFF, PAMELA TOLLIVER'S, REQUEST FOR
PRODUCTION OF DOCUMENTS
TO DEFENDANT, OCWEN LOAN SERVICING, LLC,
PURSUANT TO THE COURT'S JUNE 10, 2010
"MEMORANDUM ORDER AND OPINION"**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to the Court's June 10, 2010 "Memorandum Order and Opinion", Rule 34 of the Federal Rules of Bankruptcy Procedure, and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Pamela Tolliver, requests that Defendant produce the following documents for inspection and copying at the office of J. Eileen Zell, Legal Aid of the Bluegrass, 104 East Seventh Street, Covington, KY 41011, **no later than July 1, 2010**.  Alternatively, responses may be mailed to the address provided.

1

## DEFINITIONS

A.  The term "documents" is defined broadly and means all writings of any kind, including the originals and original drafts and all copies including nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to correspondence, memoranda, notes, diaries, desk or other calendars, statistics, letters, telegrams, minutes, business records, personal records, account statements, bank statements, contracts, reports, studies, checks, receipts, invoices, bills, returns, charts, summaries, pamphlets, books, interoffice and intraoffice communications, notations of any sort of conversations, written agreements, bulletins, printed matter, computer printouts, teletypes, telefax, emails, worksheets, all drafts, alterations, modifications, changes and amendments of any of the foregoing graphic or oral records or representations of any kind (including all electronically stored data in every medium including, but not limited to, tapes, cassettes, discs, recordings and computer or digital media-stored data or memories).

B.  The term "Plaintiff" when used without qualification refers to the Plaintiff in the above styled case, Pamela Tolliver.

C.  The terms "Defendant" and/or "you", when used without qualification herein means Ocwen Loan Servicing, LLC (hereafter "Ocwen"), Defendant in this litigation. The terms include any assignor and or previous assignor of Ocwen, or any business entity related to Ocwen's assignor(s), and any employee(s), agent(s), and any other person acting on behalf or apparently acting on behalf of Ocwen, including but not limited to any sub-servicer or default servicer.

D.  Unless otherwise specified, the term "instant transaction" or "transaction" means the transaction(s) described in the Plaintiff's Complaint and Objection to Secured Claim

including any contracts with any party to this lawsuit by Ocwen or any assignor of Ocwen up to and including the date of your answers to these interrogatories.

E.   The term "loan" or "account" refers to the 1981 Note and Mortgage and the underlying debt described in Plaintiff's Complaint and Objection to Secured Claim.

F.   The term "servicing" when used without qualification herein means the servicing of Plaintiff's account by Defendant beginning on or about January 1, 1997.

## INSTRUCTIONS

1.   If your response to any request herein is that the documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

2.   If your response to any request herein is that the documents are not in your control, identify who has control and the location of the records.

3.   If a request herein for production seeks a specific document or an itemized category which is not in your possession, control or custody, provide any documents you have that contain all or part of the information contained in the requested document or category.

4.   If you are declining to produce any document or category in whole or in part because of a claim of privilege, supply all of the following information:

   a. Identify the subject matter type (e.g., letter, memorandum), date, and author of the privileged communication or information.

   b. Identify all persons that prepared or sent the privileged communication or information, and all recipients or addressees.

   c. Identify each person to whom the contents of each such communication or item of information has heretofore been disclosed, orally or in writing.

   d. State what privilege is claimed.

   e. State the basis upon which the privilege is claimed.

5. Identify the source of each of the documents you produce.

6. You under a continuing obligation to supplement your response with respect to any answer directly addressed and correct any response which you know or learn later to be incorrect or incomplete.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
# REQUESTS FOR PRODUCTION
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**REQUEST NO. 1:** For each entity subject to the Home Owners Loan Act referred to in Defendants' "Amended Answer to Adversary Complaint", "Affirmative Defenses" at page 16, ¶ 19, please provide a copy of the Charter and Certificate of Existence signed and/or issued by the Office of Thrift Supervision.

**RESPONSE:**

4

**REQUEST NO. 2:** For each entity subject to the National Bank Act referred to in Defendants' "Amended Answer to Adversary Complaint", "Affirmative Defenses" at page 16, ¶ 19, please provide a copy of the Charter and Certification of Corporate Existence signed and/or issued by the Office of the Comptroller of the Currency.

**RESPONSE:**

**REQUEST NO. 3:** All other documents, not specifically requested above, which are pertinent to Defendants' affirmative defence that Plaintiff's state law claims are barred because state law has been pre-empted by the National Bank Act and the Home Owners Loan Act, 12 U.S.C. § 1461, *et seq.*

**RESPONSE:**

**REQUEST NO. 4:** All documents evidencing the standard business practices of Defendant to avoid and safeguard against the imposition of charges that are not authorized under borrowers' loan agreements or mortgages.

**RESPONSE:**

**REQUEST NO. 5:** All training manuals, materials, personnel instruction, or other documents evidencing any procedures maintained by Defendant to ensure the following regarding borrowers' accounts:

    a) that no fees, costs, or charges are imposed or assessed on a borrower's account unless authorized under the borrower's loan documents;

    b) that no fees, costs or charges are imposed or assessed on a borrower's account in excess of those permitted under governing contractual agreements;

    c) that no duplicative costs, fees, or charges are imposed or assessed on a borrower's account;

    d) that the original loan balance entered into a borrower's account is accurate when a loan is purchased by Defendant, or when servicing of the loan is assumed by Defendant;

    e) that billing statements, payoff statements, acceleration notices, and notices of default sent to a borrower contain accurate account information;

    f) that Proofs of Claim filed in a borrower's bankruptcy case contains accurate account information;

    g) that payments made by a borrower are applied in accordance with the borrower's mortgage and other loan documents;

    h) that Fair Debt Collection Practices Act notices are sent to borrowers when and as required under the statute;

    i) that borrower's disputes regarding their accounts are handled appropriately, fairly and as required under law.
    ii)

**RESPONSE:**

**REQUEST NO. 6:** All training manuals and materials used to train and instruct Ocwen personnel, employee, agents and/or contractors to ensure that payments made by a borrower are applied in the manner set out in each borrower's note and mortgage, and to avoid the application of payments made by a borrower in a manner inconsistent with the requirements of the note and mortgage.

**RESPONSE:**

**REQUEST NO. 7:** All other documents, not specifically requested above, which are pertinent to Defendants' affirmative defence that any violations of the Fair Debt Collection Practices Act resulted from bona fide errors notwithstanding the maintenance of procedures reasonably adapted to avoid the errors set out in Plaintiff's complaint.

**RESPONSE:**

Dated:  June 17, 2010


 /s/ J. Eileen Zell
J. EILEEN ZELL
JAMES P. McHUGH
LEGAL AID OF THE BLUEGRASS
104 East 7th Street
Covington, Kentucky 41011
Email: ezell@lablaw.org
Phone: (859)431-8200, ext. 221; Fax: (859)431-3009

MICHAEL J. O'HARA
O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
25 Crestview Hills Mall Rd Suite 201
Crestview Hills, Kentucky 41017-0411
email:mohara@ortlaw.com
Phone: (859)331-2000; Fax:(859)578-3365


**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of June, 2010, I served a true and correct copy of the foregoing electronically by this ECF filing and by first class mail, postage prepaid upon the following:  Ocwen Loan Servicing, LLC, c/o Hon Christopher M. Hill, Christopher M. Hill & Associates, P.S.C., P.O. Box 817, Frankfort, KY 40602, and Bank Of America, National Association, as Successor By Merger to Lasalle Bank  National Association as Trustee for the Certificateholders of the Mortgage Passthrough Certificates 1997-R3, c/o Hon Christopher M. Hill, Christopher M. Hill & Associates, P.S.C., P.O. Box 817, Frankfort, KY 40602.


 /s/ J. Eileen Zell
J. EILEEN ZELL